UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL LIMON,<br><br>        Plaintiff,<br><br>    v.<br><br>NEW ERA SECURITY, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-02055-SK<br><br>**ORDER GRANTING MOTION TO CONDUCT DISCOVERY**<br><br>Regarding Docket No. 22 |

Default has been entered against both Defendants. (Dkt. No. 21.) In light of his anticipated motion for default judgment, Plaintiff seeks authorization to conduct discovery in order to demonstrate damages.

Trial courts have broad discretion in granting or denying discovery. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant"). Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." In deciding whether to allow early discovery, courts apply a good cause standard. *Semitool, Inc. v. Tokyo Electron Am.*, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool*, 208 F.R.D. at 276. Courts find good cause when default has been entered against the defendant, and the plaintiff is in need of evidence to establish damages. *See Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007); *Twitch Interactive, Inc. v. Johnston*,

2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017); *Adobe Sys. Inc. v. Max Bunhey, et al.*, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013).

Here, as noted above, default has been entered against both Defendants. Because Defendants are not participating in this litigation, Plaintiff cannot meet and confer with them. Additionally, if the Court does not authorize early discovery, Plaintiff will not have other means of demonstrating damages. Accordingly, the Court finds that good cause exists and GRANTS Plaintiff's motion to conduct discovery on damages.

The Court FURTHER ORDDERS that the Case Management Conference will be heard at 1:30 p.m. on November 13, 2023, instead of at 9:30 a.m.

**IT IS SO ORDERED**.

Dated: November 1, 2023


SALLIE KIM
United States Magistrate Judge